### SINAY v. CHESEBRO-WHITMAN CO. et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

1. NEGLIGENCE (§ 121*)—BURDEN OF PROOF.
    Plaintiff in a negligence action must prove defendant's negligence.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

2. NEGLIGENCE (§ 122*)—BURDEN OF PROOF—NEGATIVING CONTRIBUTORY NEGLIGENCE.
    Plaintiff in a negligence action must prove her own freedom from negligence; defendant not being required to show affirmatively that plaintiff was not free from negligence.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221–223, 229–234; Dec. Dig. § 122.*]

3. NEGLIGENCE (§ 121*)—EVIDENCE—RES IPSA LOQUITUR DOCTRINE.
    The fall of a board from a shed erected by defendant, in front of a building being erected by it, to protect pedestrians, raised the presumption of negligence by defendant.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*]

4. NEGLIGENCE (§ 121*)—"RES IPSA LOQUITUR."
    The rule of "res ipsa loquitur" merely means that, where the circumstances of an accident naturally raise the inference that it could not have occurred except through defendant's negligence, plaintiff need not prove the exact manner in which the accident occurred, and defendant must rebut the presumption of negligence; but the mere fact that the circumstances raised a presumption of negligence would not authorize

a recovery, unless the jury found that plaintiff was free from contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. § 121.*

For other definitions, see Words and Phrases, vol. 7, pp. 6136–6139; vol. 8, p. 7787.]

Appeal from City Court of New York, Trial Term.

Action by Emma Sinay against the Chesebro-Whitman Company, impleaded with another. From a judgment for plaintiff, and an order denying a new trial, the defendant named appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DE-LANY, JJ.

Amos H. Stephens, of New York City (James A. Sullivan, of counsel), for appellant.

Charles R. Bradbury, of New York City, for respondent.

LEHMAN, J. The plaintiff was injured by the fall of a board while she was walking under a shed then being built by the defendant Chesebro-Whitman Company to protect pedestrians in front of a building in course of erection.

[1-3] To make out her cause of action plaintiff, of course, was bound to prove both that the defendant was negligent and that she was free from contributory negligence. The fall of the board, under the circumstances disclosed, was sufficient to raise a presumption of negligence on the part of the defendant; but, even if the defendant was negligent, the plaintiff cannot recover if, in view of her knowledge of the conditions surrounding the work, she failed to exercise a reasonable degree of care in walking under the shed in course of erection. While undoubtedly the defendant was obliged upon the issue of its own negligence to rebut the presumption arising from the circumstances in which the accident occurred, it was not obliged to show affirmatively that the plaintiff was not free from contributory negligence.

The trial justice, however, charged the jury that the rule of res ipsa loquitur applies here, "so that the plaintiff in this action is not compelled in the first instance to show you that she was free from contributory negligence, but need present only the manner of the occurrence, and, doing so, the law presumes it could only have occurred by an act of negligence on the defendant's part, and requires that it explain to you how the thing happened in order to rid itself of the charge made." The court further refused to charge "that the plaintiff is bound to prove by the preponderance of evidence that she herself was free from contributory negligence before she can recover," and stated that, "if there was any possibility of contributory negligence in what is known as the doctrine of res ipsa loquitur, there would be no force in that doctrine."

[4] The courts have frequently stated that the rule of res ipsa loquitur means merely that, where the circumstances of an accident

are such that logically and naturally the inference arises that the accident could not have occurred except through the defendant's negligence, the plaintiff is not bound to prove the exact manner in which the accident occurred, but the defendant is bound to show circumstances which rebut the presumption of his negligence. The circumstances in which an accident occurred may, however, be sufficient to raise, as in this case, the presumption that the defendant· was guilty of negligence, and yet permit the inference that, if the plaintiff has not also been guilty of negligence, she would not have received the· injury. It was the duty of the trial judge to charge the jury in this case that they must first find that the plaintiff was free from negligence in walking under the shed under the circumstances disclosed before they could hold the defendant liable for the negligence which would be inferred from the fall of the board.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.